IN THE SUPERIOR COURT



**FILED**
February 24, 2021
SX-2019-CV-00555
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| PETER GHIRAWOO,<br><br>PLAINTIFF,<br><br>V.<br><br>FAYE JOHN-BAPTISTE, PEPPERTREE HILL LANDOWNERS ASSOCIATION, INC., LEATRICE GARCIA, AND JOHNNY AND ORETA HUGHES,<br><br>DEFENDANTS. | Civil No. SX-19-CV-555<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED<br><br>CITE AS: 2021 VI SUPER 24P |

**Appearances:**
**Trudy Fenseter, Esq.**
Law Office of Trudy Fenster, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**James L. Hymes, III, Esq.**
Law Offices of James L. Hymes, III, P.C.
Christiansted, U.S. Virgin Islands
*For Defendant Peppertree Hill Landowners Association, Inc.*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Presiding Judge**

**THIS MATTER** is before the Court *sua sponte.*

### BACKGROUND

On October 17, 2019, Plaintiff Peter Ghirawoo's (hereinafter "Plaintiff") filed a complaint against Defendant Faye John-Baptiste (hereinafter "John-Baptiste"), Defendant Peppertree Hill Landowners Association, Inc. (hereinafter "PHLA"), Defendant Leatrice Garcia (hereinafter "Garcia"), Defendant Johnny Hughes (hereinafter "J. Hughes"), and Defendant Oreta Hughes (hereinafter "O. Hughes," and together with Defendant John-Baptiste, Defendant PHLA, Defendant Garcia, and Defendant J. Hughes, "Defendants") in connection with an alleged motor

vehicle incident that occurred in the vicinity of Plot No. 212 Mary's Fancy, St. Croix, U.S. Virgin Islands. Plaintiff alleged the following causes of action: Count I-Negligence (against all Defendants), Count II-Gross Negligence (against all Defendants), Count III-Loss of Use (against all Defendants), and Count IV-Punitive Damages (against all Defendants).

On December 9, 2019, Defendant PHLA filed its answer and affirmative defenses in response to Plaintiff's complaint. On June 29, 2020, Plaintiff filed a motion for a 90-day extension period or until September 30, 2020 to complete service of processes as to Defendant Garcia and Defendant Baptiste (hereinafter "Motion for Extension"). A copy of the following documents were attached to Plaintiff's motion: (i) a return of non-service as to Defendant Garcia and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he did not serve Defendant Garcia, (ii) a return of service as to Defendant J. Hughes and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he served Defendant J. Hughes on November 5, 2019, (iii) an affidavit by the process server Felipe Torres, Jr. indicating that he did not serve Defendant John-Baptiste, and (iv) a return of service as to Defendant PHLA and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he served Defendant PHLA via Attorney Curt Otto, Esq. on November 5, 2019.[1] On September 29, 2020, Plaintiff filed a notice of proof of service as to Defendant John-Baptiste and attached a return of service as to Defendant John-Baptiste and a corresponding affidavit by the process server Felipe Torres, Jr. indicating that he served Defendant John-Baptiste on August 4, 2020.

On December 8, 2020, Defendant PHLA filed a motion for leave to file a first amended answer to add a crossclaim, which the Court subsequently granted and deemed Defendant PHLA's

---

[1] It appears that these documents were not previously filed with the Court.

fist amended answer filed on December 8, 2020. On February 11, 2021, the Court entered an order (hereinafter "February 11, 2021 Order") whereby the Court granted nunc pro tunc Plaintiff's motion for a 90-day extension period or until September 30, 2020 to complete service of processes as to Defendant Garcia and Defendant Baptiste and ordered that, inter alia, (i) Plaintiff shall, within five (5) days from the date of entry of the February 21, 2021 Order, file proof of service for Defendant Garcia with the Court, or show good cause as to why the Court should extend the time for service for Defendant Garcia again, (ii) Plaintiff shall, within five (5) days from the date of entry of the February 21, 2021 Order, Plaintiff shall file proof of service for Defendant O. Hughes with the Court, or show good cause as to why the Court should extend the time for service for Defendant O. Hughes,[2] and (iii) Plaintiff is notified that failure to comply with this order will result in the dismissal of this case without prejudice as to Defendant Garcia and Defendant O. Hughes.

## STANDARD OF PROCEDURE

Rule 4 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 4") provides that "[u]nless service is waived, proof of service must be made to the court." V.I. R. Civ. P. 4(m); *see also* Title 5 V.I.C. § 114(a).[3] The "'service of process — unless waived by a general appearance

---

[2] In the February 11, 2021 order, the Court explained:

> To date, the record does not reflect that Plaintiff filed a proof of service of process as to Defendant O. Hughes. The return of service and the corresponding affidavit by the process server Felipe Torres, Jr. both only named "Johnny Hughes" as the person served on November 5, 2019. As such, the Court will order Plaintiff to file proof of service for Defendant O. Hughes with the Court.

(Feb. 11, 2021 Order, p. 5)

[3] Title 5 V.I.C. § 114 provides:

> § 114. Proof of service of process
> (a) Proof of the service of the summons and complaint or of the deposit thereof in the post office, shall be as follows:
>> (1) If the service or deposit in the post office is by the marshal or his deputy, the certificate of such officer;
>> (2) If by any other person, his affidavit thereof;
>> (3) In case of publication, the affidavit of the publisher or his representative, together with a copy of the publication; or
>> (4) The written admission of the defendant.

— is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant.'" *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 215 (Super. Ct. March 6, 2019) (quoting *Ross v. Hodge*, 58 V.I. 292, 311 n.22 (V.I. 2013) (quoting *Joseph v. Daily News Pub. Co., Inc.*, 57 V.I. 566, 580 n.4 (2012))); *see* V.I. R. CIV. P. 4(l)(i).[4] Rule 4 mandates that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." V.I. R. CIV. P. 4(n); *see also Ross*, 58 V.I. at 310 ("In general, actual notice of a law suit is not a substitute for proper service and absent proper service, a case must be dismissed for lack of personal jurisdiction over the defendant.") (citation omitted). However, a court must consider whether good cause exists to extend the 120-day period for service before the court may dismiss a complaint against a party for lack of service. *Ross*, 58 V.I. at 310; *see* V.I. R. CIV. P. 4(n) ("If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). "Even if the court finds that no good cause exists to warrant an extension, the court must at least consider whether any other factors warrant a discretionary extension." *Ross*, 58 V.I. at 310-11.

---

[4] V.I. R. CIV. P. 4 provides:

...

(l)Territorial Limits of Effective Service.
Serving a summons and complaint -- or filing a waiver of service -- satisfies the obligation of service of process sufficient to establish personal jurisdiction over a defendant:
    **(1)** who is subject to personal jurisdiction in the Superior Court in the Virgin Islands; or
    **(2)** when authorized by statute.
V.I. R. CIV. P. 4(l)(i).

## DISCUSSION

Here, Plaintiff filed his complaint on October 17, 2019. Thus, under Rule 4, Defendants should have been served on or before February 14, 2020,[5] or on or before September 30, 2020 for the defendants where an extension was requested and granted by the Court, proofs of services should have been filed for all Defendants. However, despite the Court's February 11, 2021 Order, to date, Plaintiff has not filed proof of service for Defendant Garcia and Defendant O. Hughes or showed good cause as to why the Court should extend the time for service for them. As the Court ordered in its February 11, 2021 Order, "Plaintiff is notified that failure to comply with this order will result in the dismissal of this case without prejudice as to Defendant Garcia and Defendant O. Hughes." Nevertheless, before the Court dismisses without prejudice the case against Defendant Garcia and Defendant O. Hughes, the Court will consider whether good cause or any other factors warrant a discretionary extension.

### I. Good Cause or Other Causes Warranting Extension

"In the context of service of process, courts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the rule." *McKenzie*, 70 V.I. at 216 (quoting *Charles v. Woodley*, 47 V.I. 202, 210 (Super. Ct. 2005) (quotation marks, brackets, and citations omitted)). "In all instances, however, 'it is the plaintiff's burden to show good cause.'" *Id.* (quoting *Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713 (V.I. 2010)). As noted above, "[e]ven if the court finds that no good cause exists to warrant an extension, the court must at least consider

---

[5] The Court inadvertently stated in its February 11, 2021 Order that Defendants should have been served on or about April 16, 2020.

whether any other factors warrant a discretionary extension." *Ross*, 58 V.I. at 310-11; *see also Beachside Assocs., LLC*, 53 V.I. at 717-18 ("In other words, the trial court has discretion as to whether it will ultimately grant or deny a permissive extension under FRCP 4(m) but the court lacks discretion to refuse to at least consider the appropriateness of such an extension."). "[C]ourts must consider a discretionary extension when the statute of limitations bars the filing of a new complaint." *McKenzie*, 70 V.I. at 218 (citing *Beachside Assocs., LLC*, 53 V.I. at 718. Nevertheless, the Court can still "deny a discretionary extension of time even if the statute of limitations would bar a plaintiff from re-filing its claims." *Id.* (citing *Petrucelli*, 46 F.3d at 1306; *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997))).

## A.    Defendant Garcia

Regarding the first factor of the good cause analysis—the reasonableness of Plaintiff's efforts to serve—Plaintiff did not file anything in response to the Court's February 11, 2021 Order so the Court does not know what efforts were undertaken to serve Defendant Garcia since Plaintiff filed his Motion for Extension on June 29, 2020.[6] Given that Plaintiff ignored the Court's February 11, 2021 Order and failed to file proof of service for Defendant Garcia or show good cause as to why the Court should extend the time for service, this factor does not support a finding of good cause. Regarding the second factor—the prejudice to Defendant Garcia by lack of timely service— the Court has no information to consider here because Defendant Garcia has not appeared or filed anything in this matter. The Court is left to speculate how the delay would be prejudicial. Thus, this factor is neutral. Regarding the third factor—whether Plaintiff moved for an enlargement of

---

[6] In its February 11, 2021 Order, the Court granted Plaintiff's Motion for Extension nunc pro tunc and explained that the Court found "Plaintiff's multiple attempts at personally serving Defendant Garcia prior to the expiration of Rule 4's 120-day period, Plaintiff's process server Felipe Torres, Jr.'s family medical issue, and the COVID-19 outbreak in 2020 establishe[d] good cause for an extension." (Feb. 11, 2021 Order)

time to serve prior to the expiration of the period prescribed by the rule—this factor does not support a finding of good cause. While Plaintiff did previously file the Motion for Extension, said motion was not timely filed before the expiration of the period prescribed by Rule 4,[7] and Plaintiff failed to serve Defendant Garcia by the deadline he himself set forth in the Motion for Extension. Thereafter, not only did Plaintiff not file another motion for an extension to serve, Plaintiff also did not file anything in response to the Court's February 11, 2021 Order. Having considered all the factors and finding two factors weighing against finding of good cause and one factor neutral, the Court cannot find good cause for Plaintiff's failure to serve Defendant Garcia. *See McKenzie*, 70 V.I. at 218 (quoting *Beachside Assocs., LLC*, 53 V.I. at 713 (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995))) ("[T]he 'absence of prejudice alone can never constitute good cause to excuse late service.' Instead, 'prejudice may tip the good cause scale, [but] the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'") However, the Court's analysis does not end here; the Court must determine if there are other factors that may warrant an extension.

Here, the statute of limitations expired in this matter. Although Plaintiff did not include the date of the alleged motor vehicle incident in her complaint, Defendant PHLA indicated in its crossclaim that the alleged motor vehicle incident occurred on or about June 26, 2018. Personal injury claims are subject to a two-year statute of limitations in the Virgin Islands. *See* Title 5 V.I.C. § 31(5)(A).[8] Over sixteen months have passed since Plaintiff filed his complaint and he has yet to

---

[7] Plaintiff's Motion for Extension was filed on June 29, 2020. Plaintiff filed his complaint on October 17, 2019. Thus, under Rule 4, the deadline to serve Defendants expired on or about February 14, 2020.

[8] Title 5 V.I.C. § 31 provides:

§ 31. Time for commencement of various actions
Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
...

serve Defendant Garcia. As noted above, Plaintiff did not timely file his previous Motion for Extension before the expiration of the period prescribed by Rule 4, Plaintiff failed to serve Defendant Garcia by the deadline he himself set forth in the Motion for Extension, and Plaintiff ignored the Court's February 11, 2021 Order. Taking everything into consideration, the Court finds that there lacks a clear interest on Plaintiff's part to pursue his case against Defendant Garcia. As such, the Court finds that there are no other causes that warrant a discretionary extension here as to Defendant Garcia, and the Court will dismiss without prejudice the case against Defendant Garcia. *See* V.I. R. CIV. P. 4(n) ("If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

### B.    Defendant O. Hughes

Regarding the first factor of the good cause analysis—the reasonableness of plaintiff's efforts to serve—Plaintiff did not file anything in response to the Court's February 11, 2021 Order so the Court does not know what efforts were undertaken to serve Defendant O. Hughes since the Court's February 11, 2021 Order. However, the Court must note that it appears that Plaintiff was under the impression that Defendant O. Hughes was served on November 5, 2019 with Defendant J. Hughes, and thus, Plaintiff was not aware of the lack of service as to Defendant O. Hughes until the Court's February 11, 2021 Order. Given that Plaintiff previously attempted to timely serve Defendant O. Hughes and was in fact under the impression that Defendant O. Hughes was timely served, this factor supports a finding of good cause. Regarding the second factor—the prejudice

---

(5) *Two years—*

   (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

to the defendant by lack of timely service—the Court has no information to consider here because Defendant O. Hughes has not appeared or filed anything in this matter. The Court is left to speculate how the delay would be prejudicial. Thus, this factor is neutral. Regarding the third factor—whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the rule—this factor also does not support a finding of good cause. Even if Plaintiff was previously under impression that Defendant O. Hughes was timely served, the Court's February 11, 2021 Order should have alerted Plaintiff of his lack of service as to Defendant O. Hughes, and at that time, pursuant to the February 11, 2021 Order, Plaintiff should have filed the corrected proof of service or showed good cause as to why the Court should extend the time for service. Instead, Plaintiff did nothing and ignored the Court's February 11, 2021 Order. Having considered all the factors and finding one factor weighing in favor of finding of good cause, one factor neutral, and one factor weighing against finding of good cause, the Court finds good cause for the failure to serve Defendant O. Hughes. *See McKenzie*, 70 V.I. at 218 (quoting *Beachside Assocs., LLC*, 53 V.I. at 713 (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097)) ("'prejudice may tip the good cause scale, [but] the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'") As such, the Court will extend the time for service as to Defendant O. Hughes. *See* V.I. R. Civ. P. 4(n) ("If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

## CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice the case against Defendant Garcia and order Plaintiff file proof of service for Defendant O. Hughes within thirty (30) days. Accordingly, it is hereby:

**ORDERED** that the case against Defendant Garcia shall be **DISMISSED WITHOUT PREJUDICE**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Order**, Plaintiff shall file proof of service for Defendant O. Hughes with the Court. **And** it is further:

**ORDERED** that Plaintiff is notified that failure to comply with this order will result in the dismissal of this case without prejudice as to Defendant O. Hughes.

**DONE and so ORDERED this** 24th **day of February, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**